# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (\*))* |
| v. | CASE NUMBER:  04-cr-00121-WDM-01 |
| | USM Number:  32723-013 |
| LONNIE LEE TUNCAP | Edward R. Harris, AFPD<br>(Defendant's Attorney) |

**Date of Original Judgment:**  January 7, 2005

**Reason for Amendment:**   United States Court of Appeals remanding the case to the United States District Court with instructions to vacate original sentence imposed and resentence the defendant in accordance with *United States v. Booker*.

**THE DEFENDANT:**  Pleaded guilty to count I of the Indictment.

**ACCORDINGLY,**  the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Prohibited Person | 03/06/04 | I |

    The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

 

December 19, 2005
Date of Imposition of Judgment

/s/ Walker D. Miller
Signature of Judicial Officer

Walker D. Miller, U.S. District Judge
Name & Title of Judicial Officer

12/28/05
Date

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                            Judgment-Page 2 of 7

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of * forty-eight (48) months.

      The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                                                 UNITED STATES MARSHAL

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                Judgment-Page 3 of 7

By _____
                    Deputy United States Marshal

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                Judgment-Page 3 of 7

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                                Judgment-Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                                Judgment-Page 5 of 7

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

None.

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                             Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                              Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The $100.00 special assessment fee is due in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  LONNIE LEE TUNCAP
CASE NUMBER:  04-cr-00121-WDM-01                                                    Judgment-Page 8 of 7

# STATEMENT OF REASONS

**The court adopts the presentence report with the recommended application of the United States Sentencing Commission Guidelines (Guidelines) except as modified at sentencing and in this Statement:**

The United States Supreme Court ruling in in United States v. Booker and United States v. Fanfan, makes the Guidelines advisory. The court has considered them with the sentencing factors set forth in 18 U.S.C. § 3553(a) when determining the sentence.

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPAARTURES):**

Total Offense Level:  21

Criminal History Category:  V

Imprisonment Range:  70 to 87 months

Supervised Release Range:  2 to 3 years

Fine Range:    $7,500   to   $75,000

    The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution:    None.

The sentence departs from the guideline range for the following reasons:

    * The court finds that a term of imprisonment of 48 months is a sufficient and reasonable sentence, and is not greater than necessary to meet the statutory requirements of 18 U.S.C. § 3553(a)(2).